Birchard, C. J.
From tne record in this case, it appears that the original action was assumpsit. The summons was issued against Samuel Gamble and two other defendants, and judgment was rendered against them all by default.
The error assigned in the court below presented the simple question whether or not all the defendants are duly served with process.
The indorsement of service upon the back of the writ is in these words:
“November 10, 1846. Served by leaving a copy'of this writ at the residence of the within-named defendant.
“ M. H. Alkire, Sheriff.
“Service, 35 cents; mileage, 75 cents; copy, 20 cents. Total, $1.30.”
^Section 3 of the practice act (Swan’s Stat. 650) provides that “when the sheriff or other officer shall return the summons or other process served, the defendant or defendants shall be considered as being in court, and may be proceeded against accordingly.”
The return “served,” under this statute, would have been a good return, had nothing been superadded, and upon the circuit we .thought the residue of the sheriff’s indorsement might be rejected as surplusage; that what is added after the word “ served,” was placed there to indicate the manner of the service, as being mado by copy and not by reading, and that the omission to add the letter s to the word defendant was to be regarded as false grammar, which, if not surplusage, should not be held to vitiate the return. This view of the case is also strengthened by the fact, that the sheriff did not return that any of the defendants were *313 not found, or not served as was his duty, if such was the fact. On the other hand, the first section of the act which prescribes the manner of serving a summons, requires a copy thereof to be personally served on the defendant, or left at his usual place of residence, at any time before its return. And the act regulating fees of sheriffs (Swan’s Stat. 391) gives for the service of a summons and return, where only one defendant is named therein, thirty-five cents; and for each additional defendant, twenty cents; and for each copy, ten cents per hundred words. There are in this summons over two hundred words; and if the writ was duly served on all the defendants, the sheriff made a mistake against his own interests, in taxing fees to the amount of his taxable fees for two copies and two services on additional defendants, which would be -eighty cents besides traveling fees. The fees taxed upon the back of the, summons are but the legal fees for service upon one defendant. It is very true that we could not reverse the judgment, if the sheriff bad returned no taxation of costs. Yet this •circumstance has some weight, when we are considering an indorsement of this character. It is a grievous thing to deny a party, or to ^deprive him of his day in court, therefore ■courts ought to be cautious, and not move without a certainty that they have acquired jurisdiction of the defendant. The peculiar form of the sheriff’s indorsement is such, that taken altogether, it is left doubtful in our minds whether actual service was made upon all the defendants, or only upon one of them; and if upon one only, there is doubt as to which one. Considering the ■serious consequences to the defendants, of having a judgment rendered against them without an opportunity to defend themselves, we are, upon more mature reflection, unwilling to reject any part •of the sheriff’s return as surplusage. Taking it entire, without rejecting any part, and it is doubtful on a point which should be certain, free from doubt.
,T. H. Geiger, for plaintiffs in error.
Olds & Miller, for defendants in error.
The judgment of the Supreme Court, and of the court of common pleas, are therefore reversed.
Cause remanded to the common pleas for further proceedings.